**Abdourahamane BAH, Petitioner,**

v.

**Alberto R. GONZALES,[1] Attorney General of the United States of America, Bureau of Citizenship and Immigration Services, Respondent.**

**No. 03–4495–ag.**

United States Court of Appeals,
Second Circuit.

May 8, 2006.

Sunit K. Joshi, Joshi & Associates, New York, New York, for Petitioner.

Cecil C. Scott, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Susan Corkery, Assistant United States Attorney, on the brief), New York, New York, for Respondent.

PRESENT: Hon. WALKER, Jr., Chief Judge, Hon. ROSEMARY S. POOLER, and Hon. REENA RAGGI, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

## SUMMARY ORDER

Abdourahamane Bah, through counsel, petitions for review of the BIA's February 14, 2003, order denying his motion to reconsider and reopen the BIA's August 30, 2002, decision denying Bah's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Petitioner raises several arguments challenging the substance of the IJ's opinion, and the BIA's August 30, 2002, summary affirmance of that opinion, denying his application for asylum, withholding of removal, and withholding of removal pursuant to the CAT. We lack jurisdiction to review the agency's August 30, 2002, decision because Bah failed to petition for review of that decision. This court will therefore limit its review to Bah's motion to reopen and for reconsideration. *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001).

This court reviews the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); *Khouzam v. Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004). An abuse of discretion may be found where the BIA's decision " 'provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.' " *Kaur*, 413 F.3d at 233–34 (quoting *Ke Zhen Zhao*, 265 F.3d at 93). The regulations provide that "[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing," 8 C.F.R. § 1003.2(c)(1), and that a motion to recon-

sider must specify errors of fact or law in the BIA's decision and be supported with pertinent authority, 8 C.F.R. § 1003.2(b).

■ To the extent that the BIA considered Bah's motion as a motion for reconsideration, the BIA did not abuse its discretion in denying the request because the BIA provided a clear rationale for denying the motion, stating that Bah had failed to identify any errors of fact or law in its prior decision. *See Ke Zhen Zhao*, 265 F.3d at 93.

■ To the extent that the BIA considered Bah's request as a motion to reopen, the BIA did not abuse its discretion in denying the request. After the BIA reiterated its position that the IJ's original adverse credibility finding was justified, it asserted that Bah had not offered any evidence in his motion to reopen to convince the BIA that the adverse credibility finding was not justified. Although the BIA did not speak specifically to Bah's letter and newly submitted country reports, this court may presume that it considered all of the evidence before it, unless the record "compellingly suggests otherwise." *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 160 n. 13 (2d Cir. 2006). The letter Bah submitted in support of his motion contains only one sentence related to Bah's activities in Guinea, and that sentence simply claims that Bah was a supporter of the opposition in Guinea without providing any elaboration or justification for that assertion. The rest of Bah's new evidence relates to country conditions in Guinea, which had not previously been in dispute. Given the lack of probative value in this newly submitted evidence, the BIA did not abuse its discretion in concluding that the evidence did not provide reason to disturb the BIA's affirmance of the IJ's adverse credibility finding, which was premised on factors unre-

lated to Bah's party membership status or Guinean country conditions.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).